(July 13, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HARPER, Appellant.—Appeal from the judgment of the Supreme Court, New York County (Carol Berkman, J.), rendered November 19, 1987, convicting defendant, upon his plea of guilty, of grand larceny in the second degree (two counts) and sentencing him to a term of imprisonment of 1 to 3 years and ordering restitution of $1,300 and appeal from the order of said court, entered May 27, 1988, which denied his motion, pursuant to CPL 440.10 (1) (b); 440.20 (1), to vacate the judgment of conviction and sentence, are held in abeyance and the case remanded for a hearing to determine the nature of the promise made by the Assistant District Attorney.

On the motion to vacate his conviction and sentence, the defendant, by his affidavit and that of counsel, asserts that, off the record, the prosecutor promised that in exchange for the defendant's plea to the prosecutor's information and waiver of the indictment, the District Attorney's office would recommend probation and restitution as opposed to incarceration. Defendant further claims that at the time of the offer, the District Attorney was aware of his conviction in Texas of embezzlement. At sentencing on this matter, the Assistant District Attorney recommended that the defendant be sentenced to a period of incarceration.

While an Assistant District Attorney, in opposition to the defendant's postjudgment motion, admits that an offer was made, she states that the offer was conditioned upon the defendant's representation that he had not been "convicted" of the offense in Texas, a representation upon which she relied until an FBI report on the defendant was received.

Failure of a prosecutor to honor an off-the-record promise as to a sentence recommendation renders invalid a guilty plea which was induced by such promise. "[T]he failure or inability to fulfill a promise requires either that the plea of guilty be vacated or the promise fulfilled" *(People v Selikoff,* 35 NY2d 227, 239 [1974], *cert denied* 419 US 1122 [1975]).

Thus, the matter is remanded for a hearing to determine the express nature of the agreement between the defendant's counsel and the prosecutor. Concur—Murphy, P. J., Sullivan, Kassal, Ellerin and Smith, JJ.