(March 14, 1991)

1 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HARPER, Appellant.—Judgment of the Supreme Court, New York County (Carol Berkman, J.), rendered November 19, 1987, convicting defendant, upon his plea of guilty, of grand larceny in the second degree (two counts) and sentencing him to a term of imprisonment of one to three years and restitution of $1,300, and order of said court, entered May 27, 1988, denying defendant's motion pursuant to CPL 440.10 (1) (b) and 440.20 (1), to vacate such judgment of conviction and sentence, unanimously modified on the law and the facts, to the extent of vacating the sentence, and the case remanded for the imposition of a period of probation and restitution.

Previously, we held this appeal in abeyance and remanded the case for a hearing on the exact nature of the off-the-record agreement between the defendant's counsel and the prosecutor (152 AD2d 469 [1989]). It was the defendant's contention that in return for a plea to a prosecutor's information and a waiver of an indictment, the prosecutor agreed to recommend a sentence of probation and restitution rather than incarceration. On remand, Justice Thomas Galligan found that the defendant's contention was correct but that the agreement had not been brought to the court's attention until the sentence when the prosecutor recommended incarceration. After the hearing on the remand, the prosecutor and the defense attorney entered into a stipulation that, subject to the approval of the court, the sentence should be reduced to a period of probation and restitution. In view of the finding of the court on remand and the stipulation, a change in the sentence is appropriate. Concur—Murphy, P. J., Sullivan, Kassal, Ellerin and Smith, JJ.